## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | CR419-019 |
| | ) | |
| ISAAC YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Defendant Isaac Young pleaded guilty to a single count of conspiracy to possess with intent to distribute, and to distribute, cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. Doc. 129 at 1 (Judgment). He was sentenced to 140 months imprisonment. *Id*. at 2. He did not file any appeal. He has now moved to "withdraw" his guilty plea. Doc. 138. The Government has filed no response to the motion.

Young's "motion" alleges, generally, that his court-appointed counsel, Bobby Phillips, provided ineffective assistance when advising him to plead guilty. Doc. 138 at 1–2. The only legal authority cited in his pleading is the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984), which involved a petition for a writ of habeas corpus, *id*.

at 678–83. The Federal Rules of Criminal Procedure do not permit a "withdrawal" of a guilty plea after sentence has been imposed. *See* Fed. R. Crim. P. 11(e). Although Young may not withdraw his plea, the Rule notes that "the plea may be set aside only on direct appeal or collateral attack," *i.e.* on a motion pursuant to § 2255. *Id.* The Court agrees that the allegation of ineffective assistance of counsel, and invocation of *Strickland*, plausibly suggest that Young seeks habeas relief.

Before the Court can consider the substance of Young's pleading, construed as a § 2255 motion, he requires a *Castro* warning. *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223, at * 1 (S.D. Ga. Sept. 28, 2016).

Pursuant to *Castro*, the Court warns Young that it will recharacterize his motion as a § 2255 motion. If he chooses to proceed

with it, he will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. He thus has three choices: (1) have his motion ruled upon as filed, but as a § 2255 motion; (2) amend the motion to include any other claims he may have; or (3) withdraw the motion entirely. He has thirty days to decide what to do. If he does not thereafter affirm, supplement, or replace his original motion or notify this Court of her intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion. Accordingly, the Court **DIRECTS** Young to make his *Castro* election within thirty days of service of this Order. The Clerk is **DIRECTED** to furnish him with a § 2255 motion form, should he wish to amend his motion.

For administrative purposes, the Clerk is **DIRECTED** to open a new civil case associated with Young's pleading, construed as a § 2255 motion. The Clerk should docket into that case the original "motion," doc. 138, and a copy of this Order into the new case. Any response to this Order from Young should be docketed in both this criminal case and the new civil case,

pursuant to the Clerk's standard procedure for docketing pleadings in § 2255 cases.

**SO ORDERED,** this <u>1st</u> day of March, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA