UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-019-01 |
| | ) | |
| ISAAC YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Isaac Young pleaded guilty to a single count of conspiracy to possess with intent to distribute, and to distribute, cocaine base. Doc. 129 (Judgment). He recently filed a motion seeking to vacate that judgment, pursuant to 28 U.S.C. § 2255. Doc. 153. Shortly before he filed that motion, he sent correspondence to the District Judge assigned to his case requesting a "the releasing of [his] entire file." *See* doc. 151. Such letters are not the appropriate means to request judicial action. *See* Fed. R. Crim. P. 47(a) ("A party applying to the court for an order must do so by motion"). As this Court has repeatedly stated elsewhere, those who seek judicial action must file a motion, not send a letter to a judge's chambers or staff. Letters can get lost, while motions get filed and thus create a

public record in this, a court of record.  *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073 (S.D. Ga. 2000).

Regardless of the means of the request, for a movant to be entitled to transcripts at the public's expense, the Court must be able to conclude that his collateral proceeding is not frivolous and that the transcript is needed to decide the issues presented.  28 U.S.C. § 753(f) (transcripts may be provided at public expense in § 2255 proceedings "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit").  The preparation and copying of the transcripts at public expense is unwarranted under § 753(f). *United States v. MacCollom*, 426 U.S. 317, 328 (1976).  Transcripts and other documents are available from the Clerk of Court.  The cost for reproducing any record or paper is $.50 per page, such fee to be tendered to the Clerk with any request for copies of court files directed to the Clerk of Court. Judicial Conference Schedule of Fees at ¶ 4 (effective Dec. 1, 2016).[1]

---

[1]  Young is also notified that he may access many of his Court records electronically by creating a Public Access to Court Electronic Records (PACER) account.  *See* https://pacer.psc.uscourts.gov/pscof/registration.jsf, *accessed April 7, 2020*.  There, "[a]ccess to case information costs $0.10 per page.  The cost to access a single document is capped at $3.00, the equivalent of 30 pages.  The cap does not apply to name searches, reports that are not case-specific, or transcripts of federal court proceedings.  By Judicial Conference policy, if usage does not exceed $30 in a quarter, fees are waived." https://pcl.uscourts.gov/pcl/index.jsf, *accessed April 7, 2021*.

Young is not currently entitled to any transcripts prepared at the public's expense. Such records *may* be available, through discovery in his § 2255 proceeding, at a later date. *See* Rules Governing Section 2255 Proceedings, Rule 6. There is no entitlement to a free transcript in collateral proceedings under 28 U.S.C. § 2255. *MacCollom*, 426 U.S. at 326-28. Indeed, "[t]he usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript (to support his claim) but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack." *Id.* (quotes omitted). His request is, thus, **DENIED**. Doc. 151.

**SO ORDERED,** this <u>9th</u> day of April, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3